IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

MANUEL CASTRO MENCHACA, )
)
           Petitioner, )
)
vs. )   Case No. 06-06048-CV-SJ-ODS
)
UNITED STATES OF AMERICA, )
)
           Respondent. )

ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255,

Pending is Petitioner's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## I. BACKGROUND

Between May 1, 2002 and March 29, 2005, Defendant actively assisted an undercover law enforcement officer in obtaining more than 500 grams of cocaine. Further, Petitioner possessed and sold to the undercover law enforcement officer a sawed off shotgun. Petitioner entered a plea agreement with the United States, plead guilty to conspiracy to distribute more than 500 grams of cocaine, and was sentenced to 60 months in prison. Petitioner did not appeal his conviction or sentence. Petitioner has filed this Motion for Postconviction Relief, claiming (1) his plea was unlawfully induced or made without the understanding of the nature of the charges or the consequences, (2) the Government withheld evidence favorable to Petitioner, (3) ineffective assistance of counsel, and (4) the Court applied an illegal enhancement at sentencing.

## II. DISCUSSION

A. Plea Unlawfully Induced

Defendant alleges his conviction was obtained by a guilty plea, which was "induced or made without the understanding of the nature of the charges and the

consequences of the plea." However, the plea agreement clearly states Petitioner "admits that he knowingly committed" the offense, and is in fact guilty of the offense. It further states that he acknowledges he entered into the plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998); see also United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994). During Petitioner's change of plea hearing, when the Court asked Petitioner if he understood and agreed with the arrangement, he answered affirmatively. Petitioner's claim of an unlawfully induced plea must fail.

B. Failure to Disclose Evidence

Petitioner also alleges the Government failed to disclose evidence favorable to the defendant. In reality, he appears to argue that he was eligible for a §5k1.1 downward departure, or the Government should have advocated a mitigating or minor role reduction. Petitioner has offered no evidence that Government withheld any evidence. Further, the plea agreement does not include any provisions requiring the filing of a §5k1.1 motion. The plea agreement actually includes a provision stating the "defendant agrees not to seek a downward departure." Pl. Agrmt. 8 ¶ 10(1). Petitioner's second claim must fail.

C. Ineffective Assistance of Counsel

Petitioner argues Counsel was ineffective because he had a conflict of interest and was unprepared for the necessary defense of his case. The Court analyzes these claims under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [Movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the

2

deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

Id. (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Petitioner alleges several grounds to support his contention he received ineffective assistance of counsel. Petitioner first contends his attorney had a conflict of interest, but fails to establish any specific conflict which would preclude his attorney from effectively assisting in his defense. Petitioner claims his attorney was unprepared for the necessary defense of his case, failed to use adequate investigative techniques, had poor client-counsel communication, and failed to properly research mitigating factors and evidence favorable to the client. As stated in his affidavit, counsel reviewed the Government's file and discussed it with his client. Petitioner does not suggest what evidence would have been presented to suggest a different outcome. Finally, Petitioner claims counsel failed to protect and uphold the constitutional rights of his client, but fails to state supporting facts. While Petitioner is proceeding pro se and is therefore entitled to a liberal construction of his pleadings, this liberal construction will not substitute for the required degree of specificity. See Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001). Even a pro se petitioner must identify facts that support his claims of error. E.g., Blackledge v. Allison, 431 U.S. 63, 75-76 (1977); Voytik v. United States,

778 F.2d 1306, 1308 (8th Cir. 1985); Burleson v. United States, 340 F.2d 387, 390 (8th Cir. 1965); see also Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings.

It should be noted that during the plea hearing, the Court asked Petitioner a series of questions regarding his satisfaction with the services of his counsel. Petitioner declared he was satisfied with counsel's performance, counsel did everything Petitioner asked him to do, and returned Petitioner's phone calls within a reasonable amount of time. Petitioner's claim of ineffective assistance of counsel is denied.

D. Illegal Enhancement of Sentence

Petitioner claims he did not possess the firearm, or receive proceeds from the sale of the firearm. However, in his plea agreement, Petitioner states he "possessed and sold to the undercover law enforcement officer a sawed off shotgun." Further, Petitioner did not object to the presentence investigation report's recommendation of a two-level enhancement for possession of a firearm. Petitioner's fourth claim for relief must be denied.

III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATE: December 15, 2006 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT